# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT A. MARCHESE,

            Petitioner,

v.

R. MILLER,

            Respondent.

Case No. 24-CV-1375-JPS

**ORDER**

On October 28, 2024, Petitioner Robert A. Marchese ("Marchese or "Petitioner"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and later paid the filing fee on November 25, 2024. ECF No. 1. The Court therefore denies the motions to proceed without prepayment of the filing fee, ECF Nos. 3, 4, as moot. This Order screens the petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

1.    **FACTUAL BACKGROUND**

Following a jury trial, Marchese was convicted of two counts of recklessly endangering safety with use of a dangerous weapons. *State v. Marchese*, 2023 WI App 50, *review denied*, 2024 WI 5. Following his conviction, Marchese filed a motion for a mistrial based on a *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge. *Id.* ¶ 5. The circuit court found that the state had met its burden to offer a nondiscriminatory reason for striking the juror. *Id.* ¶ 8. Marchese appealed that decision, and the Wisconsin Court of Appeals affirmed. *Id.* ¶ 1. The Wisconsin Supreme Court subsequently denied Marchese's petition for review on December 12, 2023. 2024 WI 5.

Now, Marchese seeks habeas relief on the following two grounds: (1) that the state court erred in conducting a *Batson* analysis and allowing the sole African American juror to be struck from the jury; and (2) that the trial court violated petitioner's due process and equal protection rights by considering his race during jury selection. ECF No. 1 at 7.

**2. ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**2.1 Timeliness**

First, the Court considers the timeliness of the petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's habeas petition; it requires a petitioner to file his federal habeas petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. § 2244(d)(2). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Court cannot say that the petition is plainly untimely. The Wisconsin Supreme Court denied review on December 12, 2023. Marchese filed the petition less than one year later on October 28, 2024. As such, the Court cannot conclude that the petition is plainly untimely.

### 2.2 Exhaustion

Next, the Court analyzes whether Marchese fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991).

Page 3 of 9
Case 2:24-cv-01375-JPS    Filed 02/04/25    Page 3 of 9    Document 9

Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' decision, it appears that Marchese has exhausted Ground One in the petition. Exhaustion is less clear as to Ground Two. The Wisconsin Court of Appeals' decision does not directly address the claim that the trial court impermissibly considered Marchese's race in making its decision. However, "[f]air presentment does not necessarily require that the petitioner explicitly present the federal claim; it requires that the substance of a federal habeas corpus claim must first be presented to the state courts." *Grady v. Cooper*, 511 F. Supp. 3d 918, 931 (E.D. Wis. 2021) (quotation omitted).

At this juncture, the Court lacks the benefit of Marchese's briefing on appeal to determine how the claim was presented. *See, e.g.*, *Owens v. Bartow*, No. 08C0049, 2008 WL 1835407, at *1 (E.D. Wis. Apr. 22, 2008) ("I noted that petitioner may have failed to exhaust some of these claims, but I deferred ruling on the exhaustion issue until the respondent could appear."). Therefore, the Court is not able to make a definite determination as to the exhaustion of Ground Two based on these facts at the screening

stage. The Court will decline to rule on this issue at this time and will revisit it with the benefit of discovery and briefing.

If it turns out that Marchese's § 2254 petition presents both exhausted and unexhausted claims, the Court will have to decide how to move forward. "[A] district court faced with a mixed petition has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." Brian R. Means, Federal Habeas Manual § 9C:70, 1383 (2019 ed.) (citing *Rhines v. Weber*, 544 U.S. 269, 275–77 (2005)). Alternatively, the district court can allow the petitioner to remove the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines*, 544 U.S. at 279.

### 2.3    Procedural Default

The Court next determines whether Marchese has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, is not plainly apparent from the face of the petition that Marchese has procedurally defaulted his claims.

**2.4 Frivolous Claims**

The Court concludes its Rule 4 review by screening the petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Marchese's claims, it does not plainly appear that they are frivolous.

**3. CONCLUSION**

Marchese's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that Petitioner's motions to proceed without prepayment of the filing fee, ECF Nos. 3, 4, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as

true except to the extent that the judge finds from the evidence that they are not true."

        b.      Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

        c.      Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

    3.      If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

        a.      Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

        b.      Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the

Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2025.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

Petitioners who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Petitioners who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

> **DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.
>
> Petitioner is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PETITIONER FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.